**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware
_____(State)

Case number (*if known*): _____ Chapter 11

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's name**

   Charter School Capital, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   Grow Schools

3. **Debtor's federal Employer Identification Number (EIN)**

   0 2 – 0 7 9 4 2 7 8

4. **Debtor's address**

   **Principal place of business**

   9450     SW Gemini Dr
   Number     Street

   PMB 559064

   Beaverton          OR     97008-7105
   City          State     ZIP Code

   Washington
   County

   **Mailing address, if different from principal place of business**

   _____
   Number     Street

   _____
   P.O. Box

   _____
   City          State     ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number     Street

   _____

   _____
   City          State     ZIP Code

5. **Debtor's website** (URL)

   https://growschools.com

Debtor   __Charter School Capital, Inc._____        Case number *(if known)*_____
         <sub>Name</sub>

---

**6.  Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .

   <u>6</u>   <u>6</u>   <u>1</u>   <u>6</u>

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____   When _____   Case number _____
                                              MM / DD / YYYY

         District _____   When _____   Case number _____
                                              MM / DD / YYYY

---

Debtor  Charter School Capital, Inc.
_____
Name                                                                          Case number *(if known)* _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes.  Debtor _____  Relationship _____

District _____  When _____
MM  /  DD  / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number          Street

_____

_____
City                                                             State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☑ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

Debtor    Charter School Capital, Inc.
_____
          Name                                                    Case number (if known)_____

| 15. **Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☑ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. **Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☑ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   06/08/2025
              _____
              MM  / DD / YYYY

✗ /s/ Stuart Ellis                                    Stuart Ellis
_____              _____
Signature of authorized representative of debtor      Printed name

Title  Chief Executive Officer
       _____

**18. Signature of attorney**

✗ /s/ Aaron H. Stulman                        Date   06/08/2025
_____                      _____
Signature of attorney for debtor                      MM  / DD / YYYY

Aaron H. Stulman
_____
Printed name
Potter Anderson & Corroon LLP
_____
Firm name
1313      North Market Street, 6th Floor
_____
Number    Street
Wilmington                                    DE        19801
_____
City                                          State     ZIP Code

(302) 984-6000                                astulman@potteranderson.com
_____               _____
Contact phone                                 Email address

5807                                          DE
_____               _____
Bar number                                    State

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :

In re:                          :       Chapter 11
                           :

Charter School Capital Inc.,[1]     :       Case No. 25- [____] (___)
                           :

        Debtor.          :
                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following is a list of any corporation, other than a governmental unit, that directly or indirectly owns 10% or more of any class of equity interests in the above-caption debtor.

| EQUITY HOLDER | PERCENTAGE OF TOTAL EQUITY |
|---|---|
| Stuart Ellis | 16.79% |
| Bradley W. Coburn (either directly or through certain vehicles) | 14.57% |
| Orthogon (various entities) | 52.10% |

| EQUITY HOLDER | PERCENTAGE OF COMMON A SHARES[2] |
|---|---|
| Stuart Ellis | 60.24% |
| Orthogon Charter School Special Opportunities LLP | 39.76% |

| EQUITY HOLDER | PERCENTAGE OF COMMON B SHARES |
|---|---|
| Coburn Investment Management | 10.04% |
| Bradley W. Coburn | 15.06% |
| Orthogon Charter School Special Opportunities LLP | 74.80% |

| EQUITY HOLDER | PERCENTAGE OF SERIES 15 PREFERRED SHARES |
|---|---|
| Orthogon Charter School Special Opportunities LLP | 100% |

---

[1] The Debtor's mailing address is 9450 SW Gemini Dr, PMB 559064, Beaverton, OR 97008-7105, and the last four digits of the Debtor's federal tax identification number are 4278.

[2] Common A Shares are the voting shares under the Debtors' organizational documents.

| EQUITY HOLDER | PERCENTAGE OF COMMON B WARRANTS |
|---|---|
| Orthogon Charter School Special Opportunities LLP | 100% |

| EQUITY HOLDER | 2018 EQUITY INCENTIVE PLAN |
|---|---|
| Stuart Ellis | 45.65% |
| Bradley W. Coburn | 22.83% |

## RESOLUTIONS OF THE RESTRUCTURING COMMITTEE
## OF CHARTER SCHOOL CAPITAL, INC.

WHEREAS, pursuant to notice duly given, a meeting of the Restructuring Committee (the "Restructuring Committee") of the Board of Directors of (the "Board") of Charter School Capital, Inc., a Delaware corporation (the "Company"), was convened on May 30, 2025;

WHEREAS, on May 20, 2025, the Board previously adopted resolutions approving and establishing the Restructuring Committee to evaluate restructuring proposals and be further granted authority and duties as the Board may deem advisable from time to time;

WHEREAS, on May 20, 2025, the Board appointed two independent and disinterested directors, Edward Weisfelner and Craig Jalbert, as members of the Restructuring Committee;

WHEREAS, on May 30, 2025, the Board approved a resolution confirming that the Restructuring Committee had full authority to review, consider and approve strategic alternatives for the Company, including the authority to approve the commencement of a chapter 11 case;

WHEREAS, the Restructuring Committee met on May 30, 2025 and participated in a Special Meeting of the Restructuring Committee in which it considered the input received to date by management and the legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest;

WHEREAS, the Restructuring Committee has considered the option of filing a bankruptcy petition in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") as a debtor in possession;

WHEREAS, the Restructuring Committee reasonably believes that the Company pursuing a case under the Bankruptcy Code is expected to preserve more value for the Company and its stakeholders than any other available alternative; and

WHEREAS, the Restructuring Committee, having had a series of meetings to consider the financial and operational aspects of the Company's business and the best course of action to maximize value, having received financial and other input from management and its advisors, having had the opportunity to review and consider the same, and having pursued and considered various alternatives, has determined in the exercise of its reasonable business judgment that, given the current facts and circumstances confronting the Company, it is advisable and in the best interests of the Company and its shareholders, creditors, and other interested parties that a petition be filed by the Company, at a time to be determined by the Restructuring Committee, seeking relief under the provisions of chapter 11 of the Bankruptcy Code.

**NOW THEREFORE BE IT**

**1. Chapter 11 Filing**

RESOLVED, that the Restructuring Committee authorizes the Company to take such steps as necessary and appropriate to prepare for a chapter 11 filing; and it is further

RESOLVED, that in the judgment of the Restructuring Committee it is advisable and in the best interests of the Company and its shareholder, creditors, and other interested parties that a voluntary petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the

filing of such petition is authorized at a time to be determined by the Restructuring Committee; and it is further

RESOLVED, that each duly appointed officer of the Company (each, an "<u>Authorized Person</u>"), be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Restructuring Committee directs; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company and at the direction of the Restructuring Committee, to execute, verify and/or file, or cause to be executed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings and other papers, and in connection with the petition, to employ and retain all assistance by legal counsel, accountants or other professionals, and to take any and all action which they deem necessary and proper to maintain the ordinary course operation of the Company's business during the pendency of the chapter 11 case, including any and all action necessary or proper in connection with obtaining Bankruptcy Court authorization to use cash collateral, and seek the relief contemplated by "first day" and/or "second day" motions; and it is further

RESOLVED, that, in connection with the chapter 11 case, each Authorized Person be, and hereby is, authorized and empowered, on behalf of and in the name of the Company and at the direction of the Restructuring Committee, to file a motion and related bidding procedures to continue marketing the Company's assets, and commence a bidding and sale process for the Company's assets and pursue negotiations with any interested parties regarding a sale of such assets pursuant to section 363 of the Bankruptcy Code; provided, however, any decision to accept an offer to purchase the Company's assets shall be subject to further approval by the Board; and it is further

## 2. <u>Retention of Professionals</u>

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company and at the direction of the Restructuring Committee, to retain and employ professionals to render services to the Company in connection with the chapter 11 case, including, without limitation, (i) Goodwin Procter LLP as bankruptcy co-counsel, (ii) Potter Anderson & Corroon, LLP as bankruptcy co-counsel, (iii) a financial advisor (upon approval by the Restructuring Committee) to provide financial advisory and investment banking services, and (iv) a claims and noticing agent (upon approval by the Restructuring Committee) to provide administrative advisory services; and it is further

RESOLVED, that the Company, at the direction of the Restructuring Committee, is authorized and empowered to fund a retainer in the amount of $100,000 to engage Goodwin Proctor LLP in preparation of a chapter 11 case; and it is further

RESOLVED, that the Company, at the direction of the Restructuring Committee, is authorized and empowered to fund a retainer in the amount of $150,000 to engage Potter Anderson & Corroon, LLP in preparation of a chapter 11 case; and it is further

## 3. <u>General</u>

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company and at the direction of the Restructuring Committee, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments,

agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered on behalf of and in the name of the Company and at the direction of the Restructuring Committee, to take or cause to be taken any and all such further action and to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, in connection with the Company's ordinary course operations be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company as fully as if such actions had been presented to the Board and the Restructuring Committee for its prior approval; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company and at the direction of the Restructuring Committee, to pay and direct the payment of all fees and expenses as in their judgment shall be necessary, appropriate, or advisable in the good faith judgment of such Authorized Person to effective the purpose and intent of any and all of the foregoing resolutions.

 

**IN WITNESS WHEREOF**, the undersigned, comprising all members of the Restructuring Committee of the Board of Directors of Charter School Capital, Inc., have executed these resolutions as of the date set forth above.

Dated: June 8, 2025

**CHARTER SCHOOL CAPITAL, INC.**

/s/ _____
Name: Edward Weisfelner
Title: Director


/s/ _____
Name: Craig R. Jalbert
Title: Director

**IN WITNESS WHEREOF**, the undersigned, comprising all members of the Restructuring Committee of the Board of Directors of Charter School Capital, Inc., have executed these resolutions as of the date set forth above.

Dated: June 8, 2025                         **CHARTER SCHOOL CAPITAL, INC.**

/s/ _____
Name: Edward Weisfelner
Title: Director

/s/ _____
Name: Craig R. Jalbert
Title: Director

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name     Charter School Capital, Inc.
_____

United States Bankruptcy Court for the: _____ District of   Delaware
                                                                    (State)

Case number (If known):    _____

☐ Check if this is an
   amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 Chapman and Cutler LLP David T. B. Audley 320 South Canal Street 27th Floor Chicago, IL 60606 | David T. B. Audley audley@chapman.com (312) 845-3000 | Professional Services | Disputed | | | $429,424.00 |
| 2 One Thousand Broadway Building LLC 1000 SW Broadway, Suite 1770 Portland, OR 97205 | Susan Foley sfoley@1000broadwaybldg.com (503) 227-2116 | Facilities Expense | | | | $96,677.90 |
| 3 Expensify Visa Commercial Card Program 401 SW 5th Ave., Portland, OR 97204 | Concierge@expensify.com | Credit Cards | | | | $70,000.00 |
| 4 Hartford Fire Insurance Company One Hartford Plaza Hartford, CT 06155 | (860) 547-5000 | Insurance | | | | $23,620.74 |
| 5 NetSuite Inc. Bank of America Lockbox Services 15612 Collections Center Drive Chicago, IL 60693 | collectionsteam_US@Oracle.com (888) 803-7414 | Software | | | | $20,377.50 |
| 6 Bergeson LLP 111 N. Market Street Suite 600 San Jose, CA 95113 | John Pernick jpernick@be-law.com (408) 291-6200 | Professional Services | | | | $14,600.00 |
| 7 U.S. Bank CM-9690 St. Paul, MN 55170-9690 | Beth Nally beth.nally@usbank.com (617) 603-6882 | Bank Fees | | | | $11,700.00 |
| 8 CoStar Realty Information, Inc. 2563 Collection Center Dr Chicago, IL 60693 | Tyler Sterling billing@costar.com (800) 894-4720 | Software | | | | $7,936.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 9 | Human Resource Plus, Inc<br>2034 E Lincoln Ave #390<br>Anaheim, CA 92806-4101 | Christina Gonzalez-Hicks<br>Christina@humanresourceplus.com<br>(714) 351-2118 | Professional Services | | | $5,062.50 |
| 10 | Omnivo, Inc<br>5940 S Rainbow Blvd, Ste 400,<br>PMB 32312<br>Las Vegas, NV 89118 | Jason Sun<br>info@omnivodigital.com<br>(424) 256-8112 | Professional Services | | | $3,700.00 |
| 11 | Degree, Inc.<br>360 Spear St<br>Floor 4<br>San Francisco, CA 94105 | billing@lattice.com | Software | | | $3,564.00 |
| 12 | Highnoon Ventures LLC<br>5343 N 16th Street Suite 300<br>Phoenix, AZ 85016 | accountinghn@agital.com | Professional Services | | | $3,540.00 |
| 13 | Cogency Global Inc.<br>PO Box 3168<br>Hicksville, NY 11802 | Roberto Arellano Garcia<br>ar@cogencyglobal.com<br>(800) 554-3113 | Trade Debts | | | $3,384.25 |
| 14 | Vistra International Expansion Limited<br>Suite 1, 7th Floor<br>50  Broadway<br>London SW1H 0BL United | Jo Timms<br>uk.accounts.receivable@vistra.com<br>+44 (0)117 918 1450 | Professional Services | | | $2,861.06 |
| 15 | New Breed Marketing LLC<br>44 Lakeside Ave Suite 103<br>Burlington, VT 05401 | finance@newbreedmarketing.com<br>(802) 655-0800 | Marketing | | | $2,500.00 |
| 16 | First-Citizens Bank & Trust Company dba First Citizens Bank<br>P.O. Box 100706<br>Pasadena, CA 91189-0706 | service@firstcitizens.com<br>(877) 661-29287 | Copier | | | $373.36 |
| 17 | SMB Technologies, Inc.<br>4804 NE Bethany Blvd. I2-#143<br>Portland, OR 97229 | Ronald Rothstein<br>rrothstein@smbtechnologies.com<br>(503) 895-9793 | IT services | | | $295.47 |
| 18 | Kentucky Department of Revenue<br>PO Box 856910<br>Louisville, KY 40285-6910 | (502) 564-4921 | Tax | | | $175.00 |
| 19 | Wick Phillips Gould & Martin, LLP<br>3131 McKinney Avenue, Suite 500<br>Dallas, TX 75204 | Sarah King<br>Sara.king@wickphillips<br>(214)420-4082 | Professional Services | | | $118.50 |
| 20 | Stericycle<br>Stericycle Legal Department<br>Attn: Legal Department<br>2355 Waukegan Road<br>Bannockburn, IL 60015 | Customercare@stericycle.com | Shredding Company | | | $117.69 |

**Fill in this information to identify the case and this filing:**

Debtor Name  <u>Charter School Capital, Inc.</u>

United States Bankruptcy Court for the: _____  District of <u>Delaware</u>
                                                      (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors      **12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐   *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

- ☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☐   *Schedule H: Codebtors* (Official Form 206H)

- ☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐   Amended *Schedule*

- **X**   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- **X**   Other document that requires a declaration: <u>Corporate Ownership Statement</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: <u>06/08/2025</u>        ✗ <u>*/s/ Stuart Ellis*</u>
         MM / DD / YYYY                  Signature of individual signing on behalf of debtor

                                       <u>Stuart Ellis</u>
                                        Printed name

                                         <u>Chief Executive Officer</u>
                                         Position or relationship to debtor