## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Charter School Capital, Inc,[1] | Case No. 25-11016 (CTG) |
| Debtor. | |
| | **Hearing Date: July 2, 2025 at 11:00 a.m. (ET)**<br>**Objection Deadline: June 25, 2025 at 4:00 p.m. (ET)** |
| | **Ref. No. 32** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ORTHOGON
CHARTER SCHOOL SPECIAL OPPORTUNITIES LLP, ORTHOGON CHARTER
SCHOOL SPECIAL OPPORTUNITIES II, LP AND ORTHOGON CHARTER SCHOOL
SPECIAL OPPORTUNITIES III, LLC TO DEBTOR'S MOTION FOR ENTRY OF
ORDERS (I)(A) APPROVING BIDDING PROCEDURES FOR THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, (B) AUTHORIZING THE
DEBTOR TO DESIGNATE ONE OR MORE STALKING HORSE BIDDERS AND TO
PROVIDE BID PROTECTIONS, (C) SCHEDULING AN AUCTION AND APPROVING
THE FORM AND MANNER OF NOTICE THEREOF, (D) APPROVING ASSUMPTION
AND ASSIGNMENT PROCEDURES, (E) SCHEDULING A SALE HEARING AND
APPROVING THE FORM AND MANNER OF NOTICE THEREOF AND (F)
GRANTING RELATED RELIEF; AND (II)(A) APPROVING SALE OF THE DEBTOR'S
ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES, (B) APPROVING THE ASSUMPTION AND ASSIGNMENT OF
CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C)
<u>GRANTING RELATED RELIEF</u>**

Orthogon Charter School Special Opportunities LLP, Orthogon Charter School Special

Opportunities II, LP and Orthogon Charter School Special Opportunities III, LLC (collectively,

"<u>Orthogon</u>") files this limited objection (the "<u>Limited Objection</u>") to the *Debtor's Motion for*

*Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Substantially all of the*

*Debtor's Assets, (B) Authorizing the Debtor to Designate One or More Stalking Horse Bidders*

*and to Provide Bid Protections, (C) Scheduling an Auction and Approving the Form and Manner*

*of Notice Thereof, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale*

---

[1] The Debtor's mailing address is 9450 SW Gemini Dr, PMB 559064, Beaverton, OR 97008-7105, and the last four digits of the Debtor's federal tax identification number are 4278.

*Hearing and Approving the Form and Notice Thereof and (F) Granting Related Relief; and*
*(II)(A) Approving Sale of the Debtor's Assets Free and Clear of Liens, Claims, Interests, and*
*Encumbrances, (B) Approving the Assumption and Assignment of Certain Executory Contracts*
*and Unexpired Leases, and (C) Granting Related Relief* [D.I. 32] (the "Bid Procedures
Motion").[2]

## PRELIMINARY STATEMENT

1.      Prior to even filing schedules and statements of financial affairs, the Debtor seeks

approval of an accelerated bidding and sale procedures ("Bid Procedures") for a sale "process"

that will culminate in a sale of substantially all of the Debtor's assets seven (7) weeks after the

commencement of this Chapter 11 Case.  While the Debtor's motives for such a truncated sale

process are unclear at this time, they appear to be calculated, at least in part, to ensure that the

Debtor's current and former management are able to participate in a transaction without

affording the Orthogon any meaningful opportunity to investigate their conduct and the validity

of claims and causes of action against the Debtor's current and former officers and directors.[3]

The Debtor otherwise provides no compelling justification for the truncated timeline it requests.[4]

2.      Orthogon is both the largest unsecured creditor in the Chapter 11 Case as well as

the largest holder of common and preferred stock in the Debtor.  Because no creditors committee

has been appointed in this Chapter 11 Case, any Bid Procedures ultimately approved by this

Court must provide that Orthogon as a Consultation Party.  Finally, the Debtor should not be

---

[2] Unless otherwise indicated, all capitalized terms herein shall have the meanings ascribed to them in the Bid Procedures Motion.

[3] Orthogon intends to issue discovery to the Debtor in order to investigate potential claims and causes of action against current and former officers and directors, as well as the prepetition marketing process.

[4] The *Declaration of Stuart Ellise in Support of Chater School Capital's Chapter 11 Petition and First Day Motions* [D.I. 13 (the "First Day Declaration") represents that the Debtor has approximately $1.29 million is cash on hand as of the Petition Date.  The First Day Declaration is otherwise devoid of any meaningful financial disclosure regarding the cost of the Debtor's ongoing operations.

permitted to sell any claims or causes of action they may be able to assert against current and former officers and directors pursuant to the Bid Procedures.

## **BACKGROUND**

3.    On June 8, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is operating its business and managing its properties as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. The Debtor has not yet filed its schedules or statement of financial affairs.

4.    Orthogon is the majority holder by value of the Debtor's common stock and only holder of the Debtor's preferred stock.

5.    Due to breaches by the Debtor of certain agreements related to the purchase of the preferred stock, Orthogon filed an arbitration demand against the Debtor on December 20, 2024 with the American Arbitration Association. On May 22, 2025, the arbitrator issued an award in favor of Orthogon in the amount of $2,840,666.97 and fees and costs in the amount of $213,975 for attorney fees and $7,234.49 for costs, in addition to pre-judgment and post-judgment interest (the "Arbitration Award"). On May 29, 2025 Orthogon filed a petition to confirm the Arbitration Award in New York State Court.

6.    On June 18, 2025, of the Office of U.S. Trustee filed a notice indicating that a creditors committee would not be formed in this Chapter 11 Case [D.I. 44].

7.    On June 11, 2025, the Debtor filed the Bid Procedures Motion.  Among other things, the Bid Procedures Motion seeks approval of a sale process that will culminate in a sale closing on July 29, 2025, seven (7) weeks after the Petition Date and less than two (2) months after Rock Creek was retained.

## LIMITED OBJECTION

### A.  Sales Involving Insiders are Subject to Heightened Scrutiny

8.       Orthogon generally supports the Debtor's efforts to consummate a sale of substantially all of its assets.  However, upon information and belief, Orthogon has reason to believe that the "Potential Acquirer" identified in the First Day Declaration has been working with the Debtor's current management on a transaction that may transfer significant portions of the Debtor's value to management rather than creditors and other stakeholders.

9.       "Bidding procedures should [only] be approved when they provide a benefit to the estate by maximizing the value of the assets."  *In re Dura Auto. Sys., Inc.*, Case No. 06-11202 (KJC), 2007 Bankr. LEXIS 2764, at *253 (Bankr. Del. Aug. 15, 2007) (internal citations omitted).  Accordingly, the Debtors bear the burden to justify any sale of assets.  *See In re Decora Indus., Inc.*, Case No. 00-4459 (JJF), 2002 U.S. Dist. LEXIS 27031, at *7 (D. Del. May 20, 2002) ("Generally, a debtor may sell assets outside the ordinary course of business when it has demonstrated that the sale of such assets represents the sound exercise of business judgment."); *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999); *In re Delaware & Hudson Ry Co.*, 124 B.R. 169, 176 (D. Del. 1991); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

10.      When a section 363 sale benefits an insider (as may be the case here), the Court does not defer to a debtor's business judgment.[5]  Instead, "insider transactions are subjected to rigorous scrutiny and when challenged, the burden is on the insider not only to prove the good

---

[5] *See, e.g., In re AIG Fin. Prods. Corp.*, 651 B.R. 463, 476 (Bankr. D. Del. 2023) (explaining that "there is no per se prohibition on a sale of a debtor's assets to an insider, although such transactions are subject to a heightened scrutiny standard"); *Crown Vill. Farm, LLC v. Arl. L.L.C.* (*In re Crown Vill. Farm, LLC*), 415 B.R. 86, 93 (Bankr. D. Del. 2009); *Official Comm. of Unsecured Creditors of Enron Corp. v. Enron Corp.* (*In re Enron Corp.*), 335 B.R. 22, 28 (S.D.N.Y. 2005).

faith of a transaction but also to show the inherent fairness from the viewpoint of the corporation and those with interests therein." *Citicorp Venture Capital, Ltd. v. Comm. of Creditors Holding Unsecured Claims* (*In re Papercraft Corp.*), 211 B.R. 813, 823 (W.D. Pa. 1997), aff'd, 160 F.3d 982 (3d Cir. 1998)).

### B.   An Expedited Schedule Is Unjustified

11.   The Debtors' proposed timeline includes the following key dates and deadlines:

| Key Date/Deadline | Date |
|---|---|
| Stalking Horse Designation Deadline | July 2, 2025 |
| Bid Deadline | July 16, 2025 |
| Auction | July 18, 2025 |
| Objection Deadline | July 17, 2025 |
| Sale Hearing | July 24, 2025 |
| Closing Deadline | July 29, 2025 |

12.   Except for vague allegations that the Debtors have insufficient liquidity to conduct an extended marketing process, nowhere in the Bid Procedures Motion does the Debtor articulate any basis for this expedited timeline.   The Debtor was unable to identify a stalking horse bidder prior to the Petition Date.   Now the Debtor seeks to conduct such a marketing process and consummate a sale transaction in seven (7) weeks.

13.   Orthogon recognizes the need for this case to move efficiently, but the "need for expedition . . . is not a justification for abandoning proper standards." *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1071 (2d Cir. 1983) (quoting *Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 450 (1968)).

14.   The procedures governing a sale process should be designed to foster the competitive process, and bankruptcy courts should "not allow anything to chill an active marketing and auction process." *Crown Vill. Farm, LLC v. Arl, L.L.C.* (*In re Crown Vill. Farm,*

*LLC*), 415 B.R. 86, 93 n.4 (Bankr. D. Del. 2009).  The Debtors' proposed timeline lacks any apparent justification and would chill the competitive process, ultimately lowering any return to unsecured creditors and other stakeholders.  *See, e.g.*, *In re Gulf Coast Oil Corp.*, 404 B.R. 407, 423 (Bankr. S.D. Tex. 2009) ("Not every sale is an emergency, and . . . the reliability of uncontested evidence (and particularly the reliability of testimony that is not adequately cross-examined), is suspect.").

15.    Moreover, the Debtor's sales agent, Rock Creek Advisors, LLC was only retained on June 3, 2025, five (5) days before the Petition Date.  *See* First Day Declaration, ¶57.  Under the proposed Bid Procedures, Rock Creek will have less than two (2) months to adequately get up to speed, conduct a fulsome marketing process and execute a transaction for the sale of the Debtor's assets.  This is a plainly insufficient amount of time to conduct such a process and further evidence that the transaction involving the Potential Acquirer may be designed to be a foregone conclusion.  The Debtor fails to meet its burden here where the truncated timeline is unsupported and will discourage a competitive bidding process.

**C.    The Debtor Should not be Permitted to Sell Claims and Causes of Action**.

16.    No creditors committee has been appointed in these cases and there is no evidence that the Debtor has conducted any investigation into potential causes of action against its officers and directors.   Given Orthogon's belief that current and former management may stand to materially benefit from arrangements with the Potential Acquirer identified in the First Day Declaration (along with other potential causes of action against officers and directors), the Debtor should not be permitted to sell any causes of action pursuant to the Bid  Procedures.

**D.    The Bid Procedures Must Provide Orthogon Consultation Rights**

17.    To the extent that the Court approves any Bid Procedures, they should include Orthogon as a Consultation Party with respect to all impactful decisions related to any sale, including but not limited to:

- Selection of Stalking Horse Bidder(s)

- Determination of Qualified Bids

- Determination of Highest or Otherwise Best Bid

- Determination of Back-Up Bid

- Modification of Bid Procedures.

## RESERVATION OF RIGHTS

18.    Orthogon further expressly reserves the right to amend and/or supplement this Limited Objection at any time prior to the hearing on the Bid Procedures Motion and raise any objections to entry of any order on such motion, including at any hearing.

## CONCLUSION

19.    The sale contemplated by the Bid Procedures Motion is necessary; however, the timeline proposed by the Debtor is entirely unnecessary.  In addition, Orthogon's consultation rights must be preserved with respect to the sale of any of the Debtor's assets and the Debtor should not be permitted to sell claims and causes of action pursuant to the Bid Procedures.

WHEREFORE, Orthogon respectfully requests that this Court: (a) sustain this Limited Objection; (b) deny the Bid Procedures Motion; and (c) grant Orthogon such other and further relief as this Court deems just and appropriate under the circumstances.

Dated: June 25, 2025
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

/s/ *Matthew B. McGuire*
Matthew B. McGuire (No. 4366)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: mcguire@lrclaw.com

-and-

**BEYS LISTON & MOBARGHA, LLP**
Joshua Liston, Esq.
641 Lexington Avenue
14th Floor
New York, NY 10022
Telephone: (646) 755-3600
Facsimile: (646) 755-3599
Email: jliston@blmllp.com

*Counsel to Orthogon Charter School Special Opportunities LLP, Orthogon Charter School Special Opportunities II, LP and Orthogon Charter School Special Opportunities III, LLC*