# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Charter School Capital, Inc.,[1] | Case No. 25-11016 (CTG) |
| Debtor. | |
| | Re: Docket No. 71 |

## SUPPLEMENTAL DECLARATION OF BRIAN AYERS IN SUPPORT OF THE BIDDING PROCEDURES MOTION AND DEBTOR'S REPLY

I, Brian Ayers, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director of Rock Creek Advisors, LLC ("Rock Creek"), which has an office at 1738 Belmar Blvd., Belmar, New Jersey 07719.

2. I submit this declaration (the "Supplemental Ayers Declaration") on behalf of Rock Creek in support of the *Debtor's Reply to Orthogon's Objection to Bidding Procedures Motion* (the "Reply"), filed contemporaneously herewith, and in further support of the Bidding Procedures Motion (the "Motion").[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Reply.

---

[1] The Debtor's mailing address is 9450 SW Gemini Dr., PMB 559064, Beaverton, OR, 97008-7105, and the last four digits of the Debtor's federal tax identification number are 4278.

[2] *Debtor's Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Substantially All of the Debtor's Assets, (B) Authorizing the Debtor to Designate One or More Stalking Horse Bidders and to Provide Bid Protections, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (F) Granting Related Relief; and (II)(A) Approving Sale of the Debtor's Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* ("Bidding Procedures Motion") [Docket No. 32].

3. I previously submitted my Bidding Procedures Declaration[3] in support of the Bidding Procedures Motion. This Supplemental Declaration is intended to supplement the information contained in the Bidding Procedures Declaration and to address specific issues raised in the Objection to the Bidding Procedures Motion.

4. Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge of the Debtor's operations and finances gleaned during the course of Rock Creek's engagement, my discussions with the Debtor's senior management, the Restructuring Committee, other members of the Rock Creek team, and the Debtor's other advisors, as well as my review of relevant documents or my opinion based on my experience and knowledge of the Debtor's operations and financial condition. If called to testify, I would testify to each of the facts set forth herein based on such personal knowledge, discussions, review of documents, or opinion.

5. I continue to believe that the time periods set forth in the Bidding Procedures Order are reasonable and value-maximizing due to: (i) the Debtor's liquidity constraints; (ii) potential erosion of enterprise value while the Debtor remains in Chapter 11; (iii) the Debtor's prepetition marketing efforts described in my Bidding Procedures Declaration, and (iv) the significant marketing and sale efforts that have been underway since the Petition Date.

6. First, the Debtor's liquidity issues require the Sale to continue on the current Sale Timeline. As set forth in more detail in my DIP Declaration, without additional liquidity, the Debtor's Money to Run Your School business ("Money To Run") will lack access to necessary to capital necessary to pay its operational expenses. As reflected in the Approved Budget annexed

---

[3] *Declaration of Brian Ayers in Support of Debtor's Motion for Entry of an Order (A) Approving Bidding Procedures for the Sale of Substantially All of the Debtor's Assets, (B) Authorizing the Debtor to Designate One or More Stalking Horse Bidders and to Provide Bid Protections, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (F) Granting Related Relief* ("Bidding Procedures Declaration") [Docket No. 33].

to the DIP Motion, the Debtor's ending cash position as of August 1, 2025 is expected to be approximately $103,441. The Debtor simply does not have the liquidity to run a protracted sale process.

7. Second, the Debtor continues to explore opportunities for potential for go-forward deals with schools related to the Money To Run Your School business, including additional needed funding, that are highly unlikely to move forward for so long as the Debtor is in bankruptcy.

8. Third, the Debtor had engaged in significant sales and marketing outreach prior to the engagement of Rock Creek, testing the market and identifying potential interested parties—parties whom are still actively engaged and one of whom has expressed interest in serving as a stalking horse. While Rock Creek was retained shortly before the Petition Date, the marketing efforts of the Debtor predated our involvement.

9. Finally, those marketing and sale processes have continued in earnest from the date of Rock Creek's engagement on June 3, 2025. Beginning on June 12, 2025, Rock Creek has reached out to over 200 parties, including strategic and financial buyers, to solicit their interest in participating in the process. Rock Creek has engaged in this sale process with the Restructuring Committee, who is in charge of the sale and bidding procedures process on behalf of the Debtor.

10. Of those 200 parties, Rock Creek has received NDAs from 8 parties, and 7 parties are conducting active diligence. Three of the parties conducting diligence have been in the data room for over two weeks. Only one of the potential bidders who signed NDAs affirmatively indicated it would not be moving forward with a bid. All others are actively engaged to varying degrees.

11. I believe that the Sale Timeline was carefully crafted by the Debtor after balancing the need for a robust marketing and sales process against the Debtor's limited liquidity is necessary

3

and appropriate given the facts and circumstances, and will ensure that value is maximized for the benefit of all of the Debtor's stakeholders.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated: June 29, 2025

By:
 */s/ Brian Ayers*
Name: Brian Ayers
Title:   Managing Director

*Proposed Financial Advisor and Sales Agent to the Debtor and Debtor in Possession*