IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x : | | |
| In re: : | Chapter 11 | |
| : | | |
| Charter School Capital, Inc.,[1] : | Case No. 25-11016 (CTG) | |
| : | | |
| Debtor. : | | |
| : | | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | Re: Docket No. 71 | |

**MOTION OF THE DEBTOR FOR LEAVE TO FILE AND SERVE A LATE
REPLY IN SUPPORT OF THE DEBTOR'S BIDDING PROCEDURES MOTION**

The above-captioned debtor and debtor in possession (the "Debtor") hereby files this motion for leave ("Motion for Leave"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rule 9006-1(d) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtor to file and serve a reply (the "Reply") beyond the deadline set forth in Local Rule 9006-1(d), in support of the *Debtor's Motion for Entry of Orders (I)(A) Approving Bidding Procedures for the Sale of Substantially All of the Debtor's Assets, (B) Authorizing the Debtor to Designate One or More Stalking Horse Bidders and to Provide Bid Protections, (C) Scheduling an Auction and Approving the Form and Manner of Notice Thereof, (D) Approving Assumption and Assignment Procedures, (E) Scheduling a Sale Hearing and Approving the Form and Manner of Notice Thereof and (F) Granting Related Relief; and (II)(A) Approving Sale of the Debtor's Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Approving the*

---

[1] The Debtor's mailing address is 9450 SW Gemini Dr., PMB 559064, Beaverton, OR, 97008-7105, and the last four digits of the Debtor's federal tax identification number are 4278.

*Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 32] (the "Bidding Procedures Motion") and in response to the objection (the "Objection") filed by Orthogon Charter School Special Opportunities LLP, Orthogon Charter School Special Opportunities II, LP, and Orthogon Charter School Special Opportunities III, LLC (collectively, "Orthogon"). In support of the Motion for Leave, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b), and pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtor confirms its consent to the entry of a final order or judgment by the Court with respect to this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code and Local Rule 9006- 1(d).

## BACKGROUND

4. On June 8, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor is operating its business and managing its properties as a debtor-in-possession pursuant to sections 1107 and

1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made, and no official committees have been appointed, in this Chapter 11 Case.

5. Additional factual background regarding the Debtor, including its business operations, its corporate and capital structure, and the events leading to the filing of this Chapter 11 Case, is set forth in detail in the *Declaration of Stuart Ellis in Support of Charter School Capital, Inc.'s Chapter 11 Petition and First Day Motions* [Docket No. 13] (the "First Day Declaration").[2]

## RELIEF REQUESTED

6. By this Motion for Leave, the Debtor respectfully requests authority, pursuant to Local Rule 9006-1(d), to file and serve the late Reply to allow the Debtor to fully and comprehensively apprise the Court of the Debtor's position and concisely address the Objection.

## BASIS FOR RELIEF

7. Pursuant to Local Rule 9006-1(d), "[r]eply papers . . . may be filed by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." *See* Del. Bankr. L.R. 9006-1(d). The Debtor noticed the Bidding Procedures Motion for a hearing on July 2, 2025 at 11:00 a.m. (ET), with objections due to be filed on June 25, 2025 at 4:00 p.m. (ET). The Debtor agreed to extend the objection deadline for Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") to June 27, 2025. On June 25, 2025, Orthogon filed the Objection. The deadline to reply to the Objection by Local Rule was Friday, June 27, 2025 at 4:00 p.m. (ET).

8. Here, sufficient cause exists to allow the Debtor to file the late Reply. As the Court can surmise from the filing of the *Debtor's Emergency Motion for Entry of Interim and Final Orders (A) Authorizing Debtor to Obtain Post-Petition Financing and to Grant Security Interests*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

*and Super-Priority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105, 364(c) and 364(d); (B) Utilize Cash Collateral and Pay Certain Related Fees and Charges; (C) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; and (D) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* [Docket No. 57] (the "DIP Motion"), a bulk of the Debtor's time and attention has been utilized addressing an unanticipated liquidity need. Filing a reply in support of the Bidding Procedures Motion by Friday, June 27, 2025, as would be required by the Local Rules—before the Debtor had finalized its negotiations on DIP financing—would not have served the Court or the parties in interest because material facts were still developing. The additional time was necessary for the Debtor to negotiate, finalize, and file the DIP Motion to secure sufficient liquidity for the Chapter 11 Case and the sale process established in the Bidding Procedures Motion.

9.  Finally, the Debtor extended the U.S. Trustee's deadline to object to the Bidding Procedures Motion to Friday, July 27, 2025 to allow the parties time to resolve the informal comments raised by the U.S. Trustee. Thus, it would have been impractical and inefficient for the Debtor to file the Reply prior to reaching resolution with the U.S. Trustee, as it would have portrayed an inaccurate picture of the current status.

10. Though the information set forth in the Reply will be presented at the Hearing, the Debtor believes that review of the substantive information in the Reply prior to the Hearing will aid the Court in its review and consideration of the relief requested in the Bidding Procedures Motion and will focus the parties on outstanding issues.

11. For the foregoing reasons, the Debtor submits there is sufficient cause to grant leave to file the late Reply.

## **NOTICE**

12. Notice of this Motion will be provided to: (a) the U.S. Trustee, (b) Orthogon; (c) the holders of the twenty (20) largest unsecured claims against the Debtor; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware; (f) the Delaware Secretary of State; (g) the Delaware State Treasury; (h) the state attorneys general for all states in which the Debtor conducts business; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is necessary.

## **NO PRIOR REQUEST**

13. No previous request for the relief requested herein has been made to this or any other court.

**WHEREFORE**, for the reasons set forth above, the Debtor respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: June 29, 2025
       Wilmington, Delaware

POTTER ANDERSON & CORROON LLP

/s/ Aaron H. Stulman
Aaron H. Stulman (No. 5807)
Brett M. Haywood (No. 6166)
James R. Risener III (No. 7334)
Ethan H. Sulik (No. 7270)
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
Tel: (302) 984-6000
Facsimile: (302) 658-1192
Email: astulman@potteranderson.com
       bhaywood@potteranderson.com
       jrisener@potteranderson.com
       esulik@potteranderson.com

- and -

GOODWIN PROCTER LLP
Howard S. Steel (admitted *pro hac vice*)
Stacy Dasaro (admitted *pro hac vice*)
Kizzy L. Jarashow (admitted *pro hac vice*)
James Lathrop (admitted *pro hac vice*)
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Tel: (212) 813-8800
Facsimile: (212) 355-3333
Email: hsteel@goodwinlaw.com
       kjarashow@goodwinlaw.com
       sdasaro@goodwinlaw.com
       jlathrop@goodwinlaw.com

*Proposed Counsel for Debtor and Debtor-in-Possession*